IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOE BURNS,<br><br>                    Petitioner,<br><br>       vs.<br><br>GAIL LEWIS, Warden<br><br>                    Respondent. | Case No. CV F-01-5254 JKS<br><br><br>O R D E R |

  Robert Burns petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Nos. 1 (Pet.); 14 (Answer).  Burns has exhausted his state court remedies and his petition is properly before the Court.  He was convicted of possession of cocaine base and possession of cocaine base for sale.  He was sentenced to five-years imprisonment for possession for sale with a one-year enhancement for a prior prison term.  The sentence for possession was stayed.  The California Court of Appeal set aside the conviction for possession.  *See* Docket No. 14, Ex. C.  Burns contends that the court (1) improperly denied his *Marsden*[1] motion without appointing new counsel to investigate his claim of ineffective assistance of counsel, and (2) improperly informed the jury that at the preliminary hearing a judge had found "probable cause the crime was committed and defendant did it."  *See* Reporter's Transcript on Appeal (RT) at 32.

---

  [1] *See People v. Marsden*, 465 P.2d 44 (Cal. 1970).

1

## DISCUSSION

Burns's petition post-dates the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal court procedure for habeas corpus petitions. AEDPA permits a federal court to grant relief in habeas petitions only if the state court's decision: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "The first prong applies both to questions of law and to mixed questions of law and fact, while the second prong applies to decisions based on factual determinations." *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2004) (citations omitted). A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (citing and quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which "requires the state court decision to be more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75.

I.  **Denial of Burns's *Marsden* Motion**

Burns argues that the trial court erred in failing to appoint new counsel to investigate whether he received ineffective assistance of counsel. At the sentencing hearing, Burns requested to have new counsel appointed. Clerk's Transcript on Appeal (CT) at 182; *see also Marsden*, 465 P.2d 44 (Cal. 1970). The *Marsden* hearing took place in chambers immediately following Burns's request. During those proceedings Burns indicated that he wished to have new counsel appointed for two reasons: (1) His attorney did not call a particular witness or introduce certain photographs that Burns believed would have helped his defense, and (2) his attorney did not speak to him directly, but rather through an investigator who Burns believed had motive to testify against him due to the investigator's rebuffed

ORDER

attempts to become romantically involved with Burns's girlfriend. Reporter's Transcript on *Marsden* Motion (MRT) at 2–4.

A motion to substitute counsel implicates a defendant's Sixth Amendment rights and is therefore properly addressed in federal habeas. *Schell v. Witek*, 218 F.3d 1017, 1021 (9th Cir. 2000) (en banc). "It is well established and clear that the Sixth Amendment requires on the record an appropriate inquiry into the grounds for such a motion, and that the matter be resolved on the merits before the case goes forward." *Id*. at 1025. The constitutional question is whether the conflict between defendant and attorney is so great as to result in a total lack of communication or other significant impediment that "resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." *Id*. at 1026. However, not every disagreement between attorney and client results in deprivation of Sixth Amendment rights. *See*, *e.g.*, *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990) (holding that there is no automatic right to new counsel simply because a defendant is dissatisfied); *LaGrand v. Stewart*, 133 F.3d 1252, 1276 (9th Cir. 1998) (finding no right to new appointed counsel where defendant complained that attorney had failed to visit him in prison to discuss trial strategy defendant wanted to use).

Here, the trial court inquired into Burns's allegations immediately after the *Marsden* hearing was requested. The court asked Burns to explain what his counsel had done or failed to do. MRT at 2. The court asked specific questions in order to ensure a full understanding of the complaint and even prevented defense counsel from interrupting Burns. MRT at 2–5. After giving defense counsel a chance to speak, the court asked Burns if he had additional comments. MRT at 5–6.

The trial court sufficiently inquired into Burns's claims and Burns did not show that his relationship with his attorney had so degenerated as to result in a total lack of communication or other significant impediment. His first argument—that his attorney did not introduce certain witnesses or photographs—concerned trial strategy, a matter generally left to the attorney's discretion. *See, e.g., United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987). Burns's second argument has two parts: First, that his attorney failed to communicate with him directly, and second, that the investigator had a motive to testify against him. Whether through an intermediary or directly, the record reflects that Burns and his attorney were communicating. For example, during the *Marsden*

ORDER

proceedings Burns referred to a discussion he had with counsel about trial strategy. MRT at 2. While Burns's attorney may not have had extensive in-person contact with Burns, such is not required where communication is otherwise effectuated. As to the second part of the argument, the court pointed out during the *Marsden* hearing that the investigator was called not by the defense, but by the prosecution on rebuttal. As the court noted, the testimony was ultimately favorable to the defendant: "[the investigator's] testimony assisted [counsel] and assisted Mr. Burns and not the other way around." MRT at 5. Burns did not present evidence of a problematic breakdown in the attorney-client relationship. Furthermore, as noted by the California Court of Appeal, "[h]e raised none of these concerns at trial, but waited until sentencing, which suggests he was dissatisfied not so much with his counsel as with his conviction." Docket No. 14, Ex. C. In sum, it was not contrary to, or an unreasonable application of, clearly established federal law for the trial court to deny Burns's *Marsden* motion without appointing new counsel to investigate his ineffective assistance of counsel claims.

## II.    Preliminary Examination Comment

Burns next argues that the trial court erred when it explained to the jury what a preliminary examination is. During trial a testifying witness referred to his preliminary examination testimony to refresh his memory. While the witness was refreshing his memory, the court made the following comment to the jury:

> While he's looking, the preliminary examination is a hearing held in front of a judge alone in which the prosecution has to provide evidence sufficient to justify the case going forward. The evidence must show that there was probable cause that the crime was committed and the defendant did it. The defendant rarely presents evidence at such a hearing.

RT at 32. No objection was made. Thus respondent argues that federal consideration of the issue is barred by the independent and adequate California law that failure to object below is a procedural default.

Under the independent and adequate state grounds doctrine, a federal court will not review a federal question decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Vang v. Nev.*, 329 F.3d 1069, 1072 (9th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "[T]he procedural default doctrine is a specific application of the general adequate and independent state

grounds doctrine." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994). The procedural default doctrine "bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729–30. A state procedural bar forecloses federal review only when the rule is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells*, 28 F.3d at 1010.

The California Court of Appeal appears to have rested its decision regarding the trial court's comment on California's procedural requirement of a timely objection. The Ninth Circuit has previously found failure to properly raise a timely objection during trial in California state court an independent and adequate state procedural rule. *See, e.g., Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995). The Court will therefore not review the decision regarding the trial court's comment.[2]

**IT IS THEREFORE ORDERED**:

Burns's petition for a writ of habeas corpus at **Docket No. 1** is **DENIED**. The Court is of the view that a certificate of appealability should be addressed now, rather than after Burns's claims and the issues they present fade from memory. Appeal may not be taken without a certificate of appealability from either this Court or from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2253.[3]

---

[2] It is worth noting, however, that the trial judge's comment most likely did not prejudice Burns as it highlighted the difference between probable cause and the beyond reasonable doubt standard. "Indeed, rather than create a prejudicial misconception of the preliminary hearing process, the comments tended to eliminate any misconception." *People v. Mitcham*, 824 P.2d 1277, 1 Cal.4th 1027, 1053 (Cal. 1992) (addressing a similar comment regarding preliminary hearings).

[3] Section 2253 of Title 28 of the United States Code provides in relevant part:
  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal
  may not be taken to the court of appeals from—
  (A) the final order in a habeas corpus proceeding in which the detention complained
  of arises out of process issued by a State court; or
  (B) the final order in a proceeding under section 2255.
  (2) A certificate of appealability may issue under paragraph (1) only if the applicant
  has made a substantial showing of the denial of a constitutional right.
  (3) The certificate of appealability under paragraph (1) shall indicate which specific
  issue or issues satisfy the showing required by paragraph (2).

ORDER

The standard for granting a certificate of appealability has been stated as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Burns has made no such showing. Therefore, the Court will **DENY** a certificate of appealability in this case. Burns may seek a certificate of appealability directly from the Ninth Circuit Court of Appeals' motions panel.

Dated at Anchorage, Alaska, this  15   day of August 2005.

>                               /s/ James K. Singleton
>                               **JAMES K. SINGLETON, JR.**
>                               United States District Judge